IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TORVALD JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Cr. No. 99-24-GMS<br>Civ. No. 05-448-GMS |

### MEMORANDUM ORDER

### I. INTRODUCTION

Petitioner Torvald Jones is a federal prisoner housed at FCI Fort Dix in Fort Dix, New Jersey. On June 27, 2005, Jones filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). (D.I. 60.) For the reasons stated below, the court will dismiss his § 2255 motion as second or successive.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 1999, Jones pled guilty in this court[1] to possession with intent to distribute cocaine base. On September 17, 1999, the court sentenced him to two-hundred and ninety-two months of imprisonment, four years of supervised release, and a one-hundred dollar special assessment. Jones appealed, and the Third Circuit Court of Appeals affirmed his conviction and sentence.

---

[1] This matter was originally assigned to the Honorable Murray M. Schwartz, but was re-assigned to the undersigned on July 11, 2001.

In June 2001, Jones filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 43.) He asserted five claims: (1) his guilty plea was not voluntary; (2) his sentence exceeded the statutory maximum; (3) his Felony Information failed to allege an offense against the United States; (4) the court erred in sentencing him as a career offender; and (5) he was denied the effective assistance of counsel. The court denied Jones' first § 2255 motion on the merits. (D.I. 53.)

Jones appealed, and the Third Circuit Court of Appeals denied his request for a certificate of appealability. (D.I. 58.) Thereafter, Jones applied to the Third Circuit Court of Appeals for permission to file a second or successive § 2255 motion. The Third Circuit denied his request. (D.I. 59.)

Presently before the court is Jones' new § 2255 motion. (D.I. 60.) The new § 2255 motion asserts that, pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), the court violated Jones' Sixth Amendment right to trial by jury and issued an illegal sentence.

## III. DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. AEDPA provides that federal prisoners who have previously filed habeas motions must first obtain leave from the court of appeals to file the second or successive motion in district court. 28 U.S.C. § 2255. A § 2255 motion is classified as second or successive if a prior § 2255 motion, challenging the same conviction and sentence, has been decided on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was

2

unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). When a petitioner presents a second or successive § 2255 motion, the court of appeals can certify the motion for review by the district court if it finds the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3).

Here, Jones' new § 2255 motion challenges the same 1999 conviction and sentence challenged in his first § 2255 motion. The court denied Jones' first § 2255 motion on the merits, thus, his new § 2255 motion is second or successive. Jones, however, appears to argue that his new § 2255 motion should not be denied as second or successive under 28 U.S.C. § 2255 ¶ 6(2) because *Blakely* constitutes a new rule of law that was not available at the time of his guilty plea and sentencing. (D.I. 60 at ¶ 11(d)). Although Jones contends that his sentence violates *Blakely*, the court notes that the proper case for making this argument is *United States v. Booker*, 543 U.S. –, 125 S.Ct. 738 (2005), because *Booker* held that *Blakely* applies to the Federal Sentencing Guidelines. *See Lloyd v. U.S.*, 407 F.3d 608, 611 (3d Cir. 2005).

Jones' argument fails. The "new rule of constitutional law" exception to the second or successive determination only applies if the Supreme Court has determined that the particular new rule applies retroactively on collateral review. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3); *Tyler v. Cain*, 533 U.S. 656 (2001). The Supreme Court has not held that *Booker* is retroactively

3

*Blakely/Booker* is retroactively applicable on collateral review. *In re Olopade*, 403 F.3d 159, 162-64 (3d Cir. 2005). Thus, Jones' new § 2255 motion is still second or successive.

The record is clear that Jones has not obtained an order from the Third Circuit Court of Appeals authorizing the court to consider this motion. *See* 28 U.S.C. § 2244(b)(3). Accordingly, pursuant to 28 U.S.C. § § 2244(a) and § 2255, the court will dismiss Jones' current § 2255 motion for lack of jurisdiction. *See Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"); *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003)(holding that a district court must dismiss a second or successive habeas petition).

## IV. CONCLUSION

THEREFORE, at Wilmington this __19th__ day of July, 2005; IT IS ORDERED that:

1. Petitioner Torvald Jones' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. (D.I. 60.)

2. Jones has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); Third Cir. Local Appellate Rule 22.2 (2000).

3. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Motions, 28 U.S.C. foll. § 2255, the clerk shall send a copy of this Memorandum Order to: (1) Jones; and (2) the

4

United States Attorney for the District of Delaware.

                                              _____
                                              United States District Judge

**FILED**

JUL 19 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE