IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
FILED

JAN - 2 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CRIMINAL DOCKET NO: CR A-99-24** |
| ) | |
| **TORVALD JONES,** ) | |
| ) | |
| Defendant, ) | |

## MOTION FOR MODIFICATION OF PREVIOUSLY IMPOSED SENTENCE

PURSUANT to Title 18 U.S.C. § 3582(c)(2), the above named defendant, (hereinafter petitioner) would respectfully request that this Honorable Court **modify** the previously imposed sentence, ordered by this court in the aforementioned criminal docket number.

This petitioner would request that this court **reduce the sentence,** previously ordered in this case, due to the recent United States Sentencing Commission's enacted Guideline Amendment Number 706.

This amendment details a decrease in the previously used guideline ranges under U.S.S.G. § 2 D1.1. Therefore, this defendant's sentence must be reduced in accordance with this amendment. An amendment which clearly deems the prior guideline ranges and their mathematical conclusions, as being incorrectly applied, and thus must be **recalculated and restructured** to conform to the guideline ranges construed to be proper in deciding the ideal sentence for those convicted of Crack Cocaine cases.

## STATEMENT OF THE CASE

1. This defendant, Torvald Jones, was originally arrested on February 3, 1999, by state authorities, and charged with weapons and drug offenses.

2. On March 09, 1999, this petitioner was indicted by a federal grand jury, and charged with one drug count, and one weapons count.

3. On March 17, 1999, this petitioner was arrested pursuant to a federal bench warrant from the United States District Court of Delaware.

4. On March 18, 1999, this petitioner was held without bail pending re-solution of these charges.

5. On April 14, 1999, this petitioner pled guilty to a Felony Information charging one count of violating 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(iii).

6. On September 24, 1999, this petitioner was sentenced to a292 month term of imprisonment, followed by four years Supervised Release.

7. The Guideline Range used at this sentencing was 292 to 365 months.

8. On September 24, 1999, a timely Notice of Appeal was file in this case.

9. On November 29, 1999, this petitioner filed his opening brief to the Third Circuit Court of Appeals.

10. On March 22, 2000, the Third Circuit Court of Appeals Affirmed this petitioner's conviction and sentence.

11. On May 5, 2000, the Third Circuit denied this petitioner a re-hearing En Banc.

12. On December 11, 2000, the Supreme Court denied this petitioner's writ of certiorari.

13. On June 25, 2001, this petitioner filed a Title 28 U.S.C. § 2255 motion to this court.

-2-

14. On December 3, 2001, this court denied this petitioner relief under
that motion.

15. This petitioner filed a petition for a Certificate of Appealability.

16. The district court denied this petitioner issue of a C.O.A. on Decem-
ber 21, 2001.

17. On February 25, 2002, this petitioner filed an application for Cert-
ificate of Appealability to the Third Circuit Court of Appeals.

18. This application was denied by the appellate court.

19. Subsequent to this petitioner's  appeal being denied, this petitioner
has been denied writ of cert., a second and successive § 2255 motion, and
all other avenues of recourse, challenging his conviction and or sentence.

20. To Date this petitioner has received no relief form any of his fil-
ings.

\*

### SUMMARY OF ARGUMENT

THE U.S.S.G. AMENDMENT NUMBER 706 WHICH REDUCES THE
BASE OFFENSE LEVEL OF THOSE CONVICTED CF CRACK COCAINE
VIOLATIONS MUST APPLY TO THIS PETITIONER

As stated within Title 18 U.S.C. § 3582(c)(2): " In the case of a
defendant who has been sentenced to a term of imprisonment based on a
sentencing range that has been subsequently lowered by the Sentencing
Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant
or the Director of the Bureau of Prisons, or on its own motion, the court
may reduce the term of imprisonment, after considering the factors set
forth in 3553(a), to the extent that they are applicable, if such a re-
duction is consistent with applicable policy statements issued by the
Sentencing Commission.

In this case at bar, this petitioner definitely meets the criteria set
forth in the United States Sentencing Commission's Amendment Number 706,
which was originally proposed in May, 2007, and went into effect on Novem-
ber 1, 2007, and then was finally made to be retroactive on December 11,
2007.

This petitioner was sentenced prior to this amendment, and therefore was
sentenced under a much harsher sentencing formulation, that has now been
deemed invalid under 18 U.S.C. § 3553(a). Thus it must be construed that
if this petitioner was sentenced under a harsher guideline range that has
subsequently been lowered, then that sentence handed down at that time, must
have been unjust.....

### IMPACT ON THIS PETITIONER'S SENTENCING POSSIBILITIES

If this court were to review the sentencing calculations previously used in sentencing this petitioner, the court would find the following: The Base Offense Level used was level 38, with a Criminal History of 6, minus 3 points for acceptance of responsibility. (see court's memorandum and order, dated 12/03/01) This petitioner's guideline range was then calculated to be between 292-365 months. This petitioner was sentenced to the lower end, 292 months within the U.S. Bureau of Prisons.

Now with the New Amendment, the guideline range for this defendant/ petitioner is between 235-293. Considering that it would only be prudent for this court to use the same sentencing scheme that was used in the previous sentence, and sentence this petitioner again at the bottom of this range, it would then yield a sentence of 235 months, after placing this defendant in the same criminal history category, and allowing three points for acceptance of responsibility.

But if this court were to look at the totality of the circumstances surrounding not only this case but the mere fact that the disparity between powdered cocaine and crack cocaine, is so far off track that this petitioner would ask this court to read from the Supreme Court decision in Kimbrough v. United States, No. 06-6330. Decided 10, 2007, where the court explicitly stated that when a person is sentenced, the Guidelines are advisory, and : " Under United States v. Booker, 543 US 220, the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding that crack/powder disparity effectively mandatory. A District court judge must include the Guideline range in the array of factors warranting

consideration, but the judge may determine that, in the particular case, a within the Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing, § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses."

## THE SENTENCING HEARING

During the sentencing hearing in this case there was always a question as to the actual culpability of the defendant in this case. The court was clearly not convinced with the evidence put on by the prosecution, as to the actual drug amount. So much so, the court makes this statement in open court: " Even considering the Career Offender status, when one considers that the only hard evidence was **31.65 grams of crack**, 25 years is an extremely harsh penalty, and it's caused in large part because of the 100-to-1 ratio of crack to powder cocaine in the sentencing guidelines. In a sense, the sentencing guidelines in this case, as in others, **I regard as a straight jacket from which the judge cannot escape unless he or she wants to compromise their personal integrity.** "

In the aforementioned statement by the court it must be clear that this court: (1) Dreaded the fact the he was bound by the Guidelines, and was required to give this petitioner at the very least the bottom of the proscribed guideline range. (2) Clearly felt that the disparity between crack and powder was unfairly harsh, and it was one of the main reasons that district court judges were made to give out sentences that they felt did not fit the crime or the defendant's in particular cases. As this court obviously felt about this case and this defendant.

-6-

As also stated during the sentencing hearing, the only testimony used
to discern the drug amount here was the testimony of one police officer. And
conveniently the amount this officer was supposed to have knowledge of, that's
right to have knowledge of. No actual first hand information, just possible
knowledge of this petitioner's alleged criminal activity. So instead of this
petitioner's culpability being for only 31.65 grams of crack, this petitioner
was ultimately sentenced for what this police officer supposedly had know-
ledge of, and that was 1,5 Kilograms of crack cocaine. A major increase over
the actual physical evidence.

Please remember that this court says: " The sentence is imposed at the
minimum of the guideline range of imprisonment because, well. I am unabash-
edly hopeful that Mr. Benson (this petitioner's defense counsel) can con-
vince the Circuit Court that corroboration is a requirement" Meaning that
this court hoped that the Circuit Court of Appeals would find that thepro-
secution needed more than the testimony of one single police officer to
make their case for the drug amount attributed to this defendant. But the
court of appeals allowed this wavering testimony to stand.

In closing this argument this petitioner would respectfully request that
this honorable court use the Booker, supra., decision when deciding as to
where to sentence this defendant/petitioner. If the court were to read from
the very recent Ninth Circuit Court of Appeals decision in United States v.
Hicks, 472 F.3d 1167 (2007) where the court was faced with the same type of
situation this court is now faced with. In that case the District Court ex-
pressed from the bench his displeasure with having to sentence this defendant
so harshly because of the crack cocaine disparity, and the fact at the time
of sentencing the Guidelines were in deed still mandatory. In that case the

court chose to reduce this defendant's sentence by 270 months. And on the government's appeal to this decision, the Court of Appeals Affirmed the district court's decision.

On December 10, 2007, the Supreme Court addressed this same type of situation in two separate cases decided on this day. In Kimbrough, supra., and in Gall v. United States, No. 06-7949, the high court went on to explain in depth what the court felt was essential to a fair sentencing. And what a district court could consider prior to making a determination as to the proper sentence in a case. Among them was the maturity of the defendant at the time of the criminal acts. As stated by the court: " Immaturity at the time of the offense conduct is not an inconsequential consideration. Recent studies on the development of the human brain conclude that human brain development may not become complete until the age of twenty five." (quoting Roper v. Simmons, 543 U.S. 551, 569 (2005)

So as was the fact in this case, this petitioner's maturation process should have been deemed incomplete. Thus this petitioner must be looked upon as having been somewhat of a youthful culprit, during the commission of the crimes for which he now stands convicted, and is serving an egregiously long prison term.

Lastly we would ask this court to go again to Gall, supra., where the court discusses  youth as opposed to maturity. The court made this statement: " Youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage." (quoting Eddings v. Oklahoma, 455 U.S. 104, 115 (1982)

Thus in this case at bar, all we ask is that this court take the age of this defendant at the time of the commission of these crimes, into

-8-

consideration prior to determining the proper sentence for resentencing.

Therefore, it must be clear from the record in this case, that this court did not feel this was an appropriate sentence for this defendant in this particular case. But because this court's hands were tied this court had no other choice except to sentence this petitioner according to the mandatory guidelines range that were in place at this time. But now the time has change and the Guidelines are no longer mandatory, and would allow this court in resentencing, to correct the injustice that was perpetrated on this defendant from the outset of this case.

WHEREFORE, for all of the aforementioned reasoning, this petitioner would respectfully request that this Honorable Court reduce the sentence that was previously handed down in this case. And in reducing that sentence this petitioner would ask that this court use its power and consider all of the factors relevant to this case, including but not limited to the post conviction rehabilitative efforts made by this petitioner since he has been in prison.

Respectfully Submitted,


Torvald Jones                                          12.18.07
Torvald Jones                                          Date

In Pro Se

## CERTIFICATE OF SERVICE

I Torvald Jones, do attest to the fact that on this day and date
I have delivered a True Copy of this motion for a reduction in the previous-
ly handed down sentence, under Title 18 U.S.C. § 3582(c)(2), to the office
of the United States Attorney, for the District of Delaware.

This delivery was accomplished by the placing cf said copy in the care
(for delivery) of the US Postal Service, with full pre-paid postage affixed.

Respectfully Submitted,

Torvald Jones                              12.18.07

Torvald Jones                              Dated

In Pro Se

" APPENDIX "

( EXAMPLES OF POST-CONVICTION REHABILITATIVE EFFORTS )

```
  FTDPH         *            INMATE EDUCATION DATA          *      01-08-2007
  PAGE 001 OF 001 *             TRANSCRIPT                  *       20:12:34

  REGISTER NO: 04147-015    NAME..: JONES                       FUNC: PRT
  FORMAT.....: TRANSCRIPT   RSP OF: FTD-FORT DIX FCI

  -------------------------- EDUCATION INFORMATION --------------------------
  FACL ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP DATE/TIME
  FTD  ESL HAS   ENGLISH PROFICIENT              11-02-1999 1555 CURRENT
  FTD  GED HAS   COMPLETED GED OR HS DIPLOMA     10-26-1999 1418 CURRENT

  --------------------------- EDUCATION COURSES ----------------------------
  SUB-FACL   DESCRIPTION                  START DATE  STOP DATE EVNT AC LV  HRS
  FTD GP     BCC SM BUS MGT 30 CR CERTW   10-04-2003 CURRENT
  FTD GP     BCIT HAZARDOUS MATERIALS     11-13-2006 CURRENT
  FTD GP     CIRCUIT TRNG ADV S/T/TH 6-8PM 10-10-2006 CURRENT
  FTD GP     BCC FINANCIAL ACCOUNTING I   11-15-2004 06-14-2005   C   C   P      0
  FTD GP     BCC MATHEMATICS              08-09-2004 01-11-2005   C   C   P      0
  FTD GP     BCC ENGLISH-BUSINESS COMM.   08-09-2004 01-11-2005   C   C   P      0
  FTD GP     BCC BUSINESS LAW I           08-09-2004 01-11-2005   C   C   P      0
  FTD GP     BCC PRIN. OF MICROECONOMICS  04-12-2004 07-09-2004   C   C   P      0
  FTD GP     BCC BUS. IN A GLOBAL SOCIETY 04-12-2004 07-10-2004   C   C   P      0
  FTD GP     BCC PRINCIPLES OF MARKETING  01-02-2004 03-27-2004   C   C   P      0
  FTD GP     BCC PRINCIPLES OF MANAGEMENT 01-02-2004 03-27-2004   C   C   P      0
  FTD GP     BCC ENGLISH COMP I           10-04-2003 12-18-2003   C   C   P      0
  FTD GP     BCC SMALL BUSINESS MANAGEMENT 10-04-2003 12-18-2003  C   C   P      0
  ALM        COLLEGE BUS. MANAGEMENT 101  09-26-2002 01-16-2003   C   C   P      0
  ALM        COLLEGE BUSINESS MATH 101    09-23-2002 01-13-2003   C   C   P      0
  ALM        COLLEGE PSYCH OF SUCCESS     07-12-2002 09-18-2002   C   C   P      0
  ALM        COLLEGE ACCOUNTING 102       07-12-2002 09-17-2002   C   C   P      0
  ALM        COLLEGE MARKETING            02-14-2002 06-12-2002   C   C   P      0
  ALM        COLLEGE PSYCH. OF SUCCESS    09-27-2001 11-15-2001   P   W   V     12
  ALM        PARENTING ADVANCED LEVEL 3   05-21-2001 08-09-2001   P   C   P     20
  ALM        COLLEGE BUSINESS MANAGEMENT 2 02-12-2001 05-30-2001  P   C   P     26
  ALM        LEVEL 3 PARENTING PROGRAM    02-26-2001 05-14-2001   P   C   P     20
  ALM        PARENTING LEVEL 2            11-13-2000 02-15-2001   P   C   P     25
  ALM        COLLEGE REAL ESTATE          09-20-2000 01-29-2001   P   C   P     28
  ALM        COLLEGE BUSINESS COMM 2      06-16-2000 11-17-2000   P   C   P     26
  ALM        COMPREHENSIVE PARENTING PRGM 04-10-2000 07-05-2000   P   C   P     25
  ALM        COLLEGE BUSINESS COMMUN 1    02-27-2000 06-16-2000   P   C   P     28
  ALM        COLLEGE ACCOUNTING 1         02-27-2000 06-16-2000   P   C   P     28
  ALM        ACE CULINARY ARTS CLASS      03-20-2000 05-01-2000   P   C   P     14



  G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# Newport Business Institute

Williamsport, Pennsylvania
Continuing Education Center

04-Jan-07
Learning Site: FCI-Allenwood

Federal Register #    04147-015

First Name: T.
Last Name: Jones

| Term | Class | Letter Grade | Credits | Credits Earned | Points |
|---|---|---|---|---|---|
| Fall 2000 | Real Estate 105 | A | 3 | 3 | 12 |
| | | | | 3 | 0 |
| | | | | 3 | 0 |
| | Term Credits 3 | | | Term Points 12 | |
| | | | | Term GPA | 4.00 |
| Fall 2002 | Business Math 101 | C | 3 | 3 | 6 |
| | Management 101 | A | 3 | 3 | 12 |
| | | | | 3 | 0 |
| | | | | 3 | 0 |
| | Term Credits 6 | | | Term Points 18 | |
| | | | | Term GPA | 3.00 |
| Spring 2000 | Accounting 101 | A | 3 | 3 | 12 |
| | Business Communications 101 | A | 3 | 3 | 12 |
| | | | | 3 | 0 |
| | | | | 3 | 0 |
| | Term Credits 6 | | | Term Points 24 | |
| | | | | Term GPA | 4.00 |



# Newport Business Institute

## Williamsport, Pennsylvania
## Continuing Education Center

Federal Register #    0147-015

First Name: T.
Last Name: Jones

04-Jan-07
Learning Site:    FCI-Allenwood

| Term | Course | Grade | Credits | Term Points | Term GPA |
|------|--------|-------|---------|-------------|----------|
| Spring 2001 | Management 102 | B | 3 | 9 | |
| | **Term Credits 3** | | | **Term Points 9** | **3.00** |
| Spring 2002 | Marketing 104 | A | 3 | 12 | |
| | **Term Credits 3** | | | **Term Points 12** | **4.00** |
| Summer 2000 | Business Communications 102 | B | 3 | 9 | |
| | **Term Credits 3** | | | **Term Points 9** | **3.00** |
| Summer 2002 | Psychology of Success | A | 3 | 12 | |
| | Accounting 102 | B | 3 | 9 | |
| | **Term Credits 6** | | | **Term Points 21** | **3.50** |



# Newport Business Institute

## Williamsport, Pennsylvania
## Continuing Education Center

Federal Register #   04147-015

First Name:  T.
Last Name:  Jones

04-Jan-07

Learning Site:     FCI-Allenwood

_Michael J. Cline_

**Authorized Signature**

| Total Credits | 30 | Total Points | QPA | 3.50 | 105 |
|---|---|---|---|---|---|

# ACADEMIC RECORD

## BURLINGTON COUNTY COLLEGE
PEMBERTON, N.J. 08068

*Accredited by the Middle States Association of Colleges and Secondary Schools.*

STUDENT NAME    Mr. Torvald C. Jones
ADDRESS         WEST
                Ft Dix NJ 08640

SOC. SEC. #     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
BIRTHDATE       10/29/1971
DATE            09/27/2006

1074369

MAJOR CRT. BUS

| COURSE | COURSE TITLE | GRADE | TERM HOURS | QUALITY POINTS |
|--------|-------------|-------|-----------|---------------|
| | 2003 FALL | | | |
| BUA 230 | SMALL BUSINESS MGMT | A | 3 | 12.0 |
| ENG 101 | COLLEGE COMPOSITION I | A | 3 | 12.0 |
| | Term GPA 4.000 | | 6 | |
| | Cum GPA 4.000 | | 6 | |
| | 2004 SPRING | | | |
| BUA 102 | PRIN OF MANAGEMENT | B+ | 3 | 10.5 |
| BUA 220 | PRIN OF MARKETING | A | 3 | 12.0 |
| | Term GPA 3.750 | | 6 | |
| | Cum GPA 3.875 | | 12 | |
| | 2004 SUMMER 1 | | | |
| ECO 203 | PRIN OF MICROECONOMICS | A | 3 | 12.0 |
| BUA 101 | BUS FUNCT IN A GLOBAL SOCIET | A | 3 | 12.0 |
| | Term GPA 4.000 | | 6 | |
| | Cum GPA 3.917 | | 18 | |
| | 2004 SUMMER 2 | | | |
| ENG 106 | BUS COMMUNICATIONS | A | 3 | 12.0 |
| MTH 104 | BUSINESS MATHEMATICS | B | 3 | 9.0 |
| BUA 205 | BUSINESS LAW I | B | 3 | 9.0 |
| | Term GPA 3.333 | | 9 | |
| | Cum GPA 3.722 | | 27 | |
| | 2004 FALL | | | |
| ACC 110 | PRIN OF FINANCIAL ACCT I | A | 3 | 12.0 |
| | Term GPA 4.000 | | 3 | |
| | Cum GPA 3.750 | | 30 | |

| COURSE | COURSE TITLE | GRADE | TERM HOURS | QUALITY POINTS |
|--------|-------------|-------|-----------|---------------|
| Degree Received: Certificate on 05/01 | | | | |
| Date Conferred.: 05/14/2005 | | | | |
| Majors.........: SMALL BUSINESS | | | | |
| Small Business | | | | |
| End of official record. | | | | |

| DEGREE | MAJOR | COURSE | DATE AWARDED |
|--------|-------|--------|-------------|

*Quidlong O. System*
Date
**REGISTRAR**

NOT A VALID TRANSCRIPT WITHOUT SIGNATURE OF
REGISTRAR AND IMPRESSION OF COLLEGE SEAL.

Signature

Date

**ISSUED TO STUDE...**



Westampton Campus
695 Woodlane Road
Westampton, N.J. 08060

**BCIT**
BURLINGTON COUNTY
INSTITUTE of TECHNOLOGY

ADULT EDUCATION DIVISION

Medford Campus
10 Hawkins Road
Medford, N.J. 08055

𝔗𝔥𝔦𝔰 𝔆𝔢𝔯𝔱𝔦𝔣𝔦𝔢𝔰 𝔱𝔥𝔞𝔱

Torvald Jones

𝔥𝔞𝔰 𝔰𝔞𝔱𝔦𝔰𝔣𝔞𝔠𝔱𝔬𝔯𝔦𝔩𝔶 𝔠𝔬𝔪𝔭𝔩𝔢𝔱𝔢𝔡 ___90___ 𝔥𝔬𝔲𝔯𝔰, 𝔴𝔦𝔱𝔥 𝔞 𝔤𝔯𝔞𝔡𝔢 𝔬𝔣 ___A___

in ___Hazardous Material___

𝔇𝔞𝔱𝔢 ___February 28, 2007___

**𝔓𝔯𝔦𝔫𝔠𝔦𝔭𝔞𝔩**

**𝔖𝔲𝔭𝔢𝔯𝔦𝔫𝔱𝔢𝔫𝔡𝔢𝔫𝔱**